In the Matter of the Accounting of WILLIAM C. VAN DORN, as Executor of ALICE E. WILSON, Deceased, Respondent.

THE MINISTERS AND MISSIONARIES BENEFIT BOARD OF THE NORTHERN BAPTIST CONVENTION, Appellant; ALBERT C. WILSON et al., Respondents.

Argued October 4, 1937; decided November 23, 1937.

■■■■■■■■■■■■■■■■■■■■■■

*G. Burchard Smith* for appellant. The courts below have improperly construed clause " 9 " of the will. The brother of testatrix had no right of election whereby he could receive the capital sum in lieu of an annuity. (*Matter of Gallien*, 247 N. Y. 195; *Phillips* v. *Davies*, 92 N. Y. 199; *Eidt* v. *Eidt*, 203 N. Y. 325.) The will did not create an annuity for the brother of testatrix. (*Matter of Burton*, 156 Misc. Rep. 175; *Matter of Kidd*, 142 Misc. Rep. 512; *Matter of Dewey*, 153 N. Y. 63; *Matter of Smathers*, 133 Misc. Rep. 812; *Matter of Gabler*, 140 Misc. Rep. 581; *Matter of Johnson*, 144 Misc. Rep. 60; *Matter of Perelman*, 148 Misc. Rep. 906; *Matter of Adriance*, 158 Misc. Rep. 857.)

*Charles L. Hoey*, *W. P. Butler* and *Charles F. King* for Albert C. Wilson, respondent. The inference from the will alone, without reference to the extrinsic evidence, is conclusive that testatrix intended to create an annuity with the right of election. (*Matter of Oakley*, 142 Misc. Rep. 1; *Matter of Cole*, 219 N. Y. 435; *Matter of Proctor*, 235 App. Div. 6; *Kearney* v. *Cruikshank*, 117 N. Y. 95.)

O'BRIEN, J. The construction of the ninth paragraph of Alice E. Wilson's will is involved in this appeal. It provides: " I give and bequeath to the Minister's and Missionary Benefit Board of the Northern Baptist Convention, New York City, sum of $2,000 as an annuity, the income from same to be paid to my brother Albert C. Wilson during his lifetime." Prior to the execution of this will, correspondence occurred between Miss Wilson and the Ministers and Missionaries Benefit Board, in the course of which the secretary of the board wrote: " Loved

ones of course should be remembered. And Christ and His cause should share with others in direct bequests. You may also make the same bequest benefit a loved one for life, and, provide for a definite Christian service thereafter each year in perpetuity. * * * That which is left to this Board by Will or otherwise is never lost. Therefore, many people are specifying in addition to direct bequests, that certain other bequests shall be used at their decease to secure Annuity Bonds from this Board in favor of relatives or friends. Those so remembered receive generous incomes for life without danger of loss. The principal is kept intact as an Endowment Fund, and, after the decease of the one remembered the full principal sum continued to bear interest for the cause of Christ. It is true benevolence to give income to loved ones rather than responsibility. * * * It is the settled policy of the Ministers and Missionaries Benefit Board to place in Permanent Funds the total principal sums given on the Annuity Plan. A high annuity rate is paid for life and then, the full original amount continues to bear interest for the benefit of our Baptist Ministry. Thus your life is projected into the future in a gracious Christian service. * * * Perhaps you can help us. Many have made Wills remembering this cause. Some of them possess very little, but they are happy that they can make even small bequests which will be placed in permanent funds bearing their names. The income will be used forever to provide the necessities of life for our aged ministers and missionaries. * * * Some must make provision for loved ones by Will. In such cases a bequest may be made to this Board with the understanding that an annuity will be paid for life, to a son or daughter, or to husband or wife or friend."

The courts below have held that the ninth clause of the will directs the purchase of an annuity for the sole benefit of the brother without any valid gift over and that, therefore, he has the right to elect to take the capital sum

instead of having it invested for the purpose of purchasing an annuity.  As we interpret the language of that clause, the bequest is to the Board subject to payment of an annual income to the brother during his lifetime.  We think such an intent was clearly expressed.

The orders should be reversed, without costs.

CRANE, Ch. J., LEHMAN, HUBBS, LOUGHRAN, FINCH and RIPPEY, JJ., concur.

Orders reversed.